United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 05-60116
Summary Calendar

———————

KISHORE PRASAD UPADHYAY, ET AL.,

Petitioners,

v.

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an
Order of the Board of Immigration Appeals,
BIA No. A95 552 750
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Kishore Prasad Upadhyay, his wife, and minor daughter, all natives and citizens of Nepal, petition this court to review an order of the Board of Immigration Appeals (BIA), affirming, without opinion, the immigration judge's (IJ) denial of an application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Petitioners claim that the IJ erroneously concluded that Mr. and Mrs. Upadhyah were not credible and ignored substantial evidence that they faced past and future persecution and torture based on Mr. Upadhyah's political affiliation with the

———————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Nepali congress. When, as here, the BIA summarily affirms the IJ's decision, this court may review the IJ's decision. *See Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

"We give great deference to an [IJ's] decisions concerning an alien's credibility," *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002), and we "'will not review decisions turning purely on the [IJ's] assessment of the alien petitioner's credibility.'" *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). We will uphold a finding that an alien is not entitled to relief if that finding is supported by substantial evidence. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 350-51 (5th Cir. 2002). Under substantial evidence review, we may not reverse a factual finding unless the evidence compels a contrary conclusion. *Chun*, 40 F.3d at 78.

In this case, the IJ carefully detailed the inconsistencies, contradictions, and omissions underlying the determination that Mr. and Mrs. Upadhyay were not credible. Based on the record, we conclude that the IJ's decision is supported by substantial evidence and the record does not compel a contrary conclusion. *See Chun*, 40 F.3d at 78. As to petitioners' CAT claim, the record does not compel the conclusion that Nepali government officials would inflict, instigate, consent to or acquiesce in petitioners' torture. *See* 8 C.F.R. § 208.18(a)(1).

**PETITION DENIED**.